# EXHIBIT A

MICHAEL K. JEANES
Clerk of the Superior Court
By Jenela Fierro, Deputy
Date 10/05/2015 Time 13:02:04
Description                    Amount
-------- CASE# CV2015-053398 --------
CIVIL NEW COMPLAINT            319.00
-------------------------------------
TOTAL AMOUNT                   319.00
Receipt# 24819960

1  Joseph Pole
   24205 N. 65th Avenue
2  Glendale, AZ 85310
   (480) 519-9748
3  Plaintiff

4          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

5              **IN AND FOR THE COUNTY OF MARICOPA**

6  JOSEPH POLE, a single man, individually and  )   No. CV 2015-053398
   on behalf of EBJJ ENTERPRISES, INC.;         )
7                                               )   **COMPLAINT**
             Plaintiff,                         )
8                                               )   **(Negligence/Commercial Torts)**
   vs.                                          )
9                                               )
   WELLS FARGO BANK, N.A., a national           )
10 banking association,                         )
                                                )
11           Defendant.                         )
   _____)

12

13          For his complaint against defendant Wells Fargo Bank, N.A., plaintiff Joseph Pole

14  alleges as follows individually and on behalf of EBJJ Enterprises, Inc.:

15             **ALLEGATIONS COMMON TO ALL COUNTS**

16                              **I.**

17          Plaintiff Joseph Pole is a single man who resides in Maricopa County Arizona.

18  Joseph Pole owns 50% of the outstanding shares in EBJJ Enterprises, Inc., and at all

19  relevant times has served as vice-president and as a director of EBJJ Enterprises, Inc. The

20  other 50% of the outstanding shares in EBJJ Enterprises, Inc., are owned by Basil Nona,

21  who served as the president and as a director of EBJJ Enterprises and was responsible for

22  its day-to-day operations.

23                             **II.**

24          Defendant Wells Fargo Bank, N.A., is a national banking association which

25  conducts business throughout the United States and maintains multiple banking branches

26  in Maricopa County, Arizona.

### III.

All acts and transactions upon which this complaint is based occurred in Maricopa County, Arizona.

### IV.

The sole asset of EBJJ Enterprises, Inc., was a retail liquor store in Mesa, Arizona, known as Broadway Liquor located at 405 East Broadway Road in Mesa, Arizona. Beginning in about 2004, EBJJ Enterprises, Inc., started a check cashing operation at its retail location which was originally financed through a line of credit at Bank One. The check cashing operation developed quickly and generated significant corporate profits.

### V.

In fall of 2005 EBJJ Enterprises transferred its bank accounts to defendant Wells Fargo Bank, including its account used for check cashing operations.

### VI.

At the time EBJJ Enterprises opened its accounts at Wells Fargo Bank, Joseph Pole was made an authorized signator on its accounts as an officer and director of EBJJ Enterprises. Upon information, corporate resolutions of EBJJ Enterprises identifying Joseph Pole as an officer, director and authorized signator on the Wells Fargo accounts were submitted to Wells Fargo Bank at that time.

### VII.

In or about March of 2006 Basil Nona unilaterally withdrew funds from bank accounts maintained by EBJJ Enterprises, Inc. at Wells Fargo Bank, which he deposited into a bank account opened in his own name at Wells Fargo Bank, and began operating the corporate check cashing operation of EBJJ Enterprises for his own account. With the knowledge and consent of Wells Fargo Bank representatives, Joseph Pole was then removed as an authorized signator on the bank accounts of EBJJ Enterprises through the unilateral instruction of Basil Nona and without Joseph Pole's knowledge or permission.

## VIII.

Late in 2006 Joseph Pole discovered that Basil Nona had converted the corporation's check cashing operation to his own account and that he had been removed as an authorized signator on the EBJJ Enterprises bank accounts. He then confronted representatives of Wells Fargo Bank including its employee and authorized representative G. Todd Ware to insist that these assets be returned to the ownership and control of EBJJ Enterprises, Inc., and that he be restored as a signator to the corporate accounts. Wells Fargo Bank representatives including G. Todd Ware represented that this would be done, and made affirmative representations to Joseph Pole that the check cashing business in fact had been returned to operation by EBJJ Enterprises, Inc., and that Joseph Pole had been restored as a signator on the corporate accounts.

## IX.

In fact, the check cashing operation remained in the exclusive control of Basil Nona, who continued to operate it through his personal account at Wells Fargo Bank and through Wells Fargo Bank accounts in the name of Nona Check Cashing, LLC. Joseph Pole subsequently was again removed as an authorized signator on the bank accounts of EBJJ Enterprises at the unilateral instruction of Basil Nona and without Joseph Pole's knowledge or consent, but with the knowledge and permission of Wells Fargo Bank representatives.

## X.

During 2013 Basil Nona negotiated the sale of Broadway Liquor to a third party. Joseph Pole learned of the sale only in late 2013 when corporate counsel requested his signature on sale documents.

## XI.

In the course of investigating the terms of the Broadway Liquor sale Joseph Pole first discovered that Basil Nona had never returned the cash which he had converted from

1   the accounts of EBJJ Enterprises, Inc. at Wells Fargo Bank, and had continued to operate

2   the check cashing operation through his own account at Wells Fargo Bank and through

3   Wells Fargo Bank accounts in the name of Nona Check Cashing, LLC, rather than on

4   behalf of EBJJ Enterprises, Inc.

5                                            **XII.**

6          The sale of Broadway Liquor to a third party buyer closed in March of 2014. Upon

7   information and belief, Basil Nona continues to operate the check cashing operation out

8   of the Broadway Liquor premises utilizing bank accounts of Nona Check Cashing, LLC

9   at Wells Fargo Bank under an agreement with the current owner.

10                                     **COUNT ONE**

11                                      **Negligence**

12                                          **XIII.**

13         Plaintiffs reallege and incorporate by reference all preceding allegations of this

14   complaint as though set forth herein.

15                                          **XIV.**

16         Wells Fargo Bank owed a duty to EBJJ Enterprises and Joseph Pole as its officer

17   and shareholder to report their actual knowledge of defalcation by Basil Nona and to take

18   affirmative action to prevent abuse of corporate opportunities.

19                                          **XV.**

20         Wells Fargo Bank representatives throughout had actual knowledge that Basil

21   Nona had converted cash and corporate opportunities of EBJJ Enterprises, Inc., and had

22   wrongfully removed Joseph Pole as a signator on its corporate accounts, but wrongfully

23   failed to report its knowledge of this misconduct to Joseph Pole or to take any action to

24   avert abuse of corporate assets.

25   . . .

26   . . .

## XVI.

As a direct and proximate result of Wells Fargo Bank's breach of duty, EBJJ Enterprises and Joseph Pole have suffered compensatory damages including but not limited to (a) the loss of cash on deposit at Wells Fargo Bank in an amount to be proved at trial; (b) the loss of profits from the check cashing operation from on or about March of 2006 through the date of verdict in an amount to be proved at trial; and (c) prejudgment interest on the liquidated sums representing all compensatory damages herein at the legal rate.

## XVII.

The breaches of duty by Wells Fargo Bank representatives complained of herein were wanton, willful, and done with the intent to wrongfully benefit Basil Nona at the expense of EBJJ Enterprises, Inc., and Joseph Pole, meriting the imposition of punitive damages in an amount to be proved at trial.

### COUNT TWO

### Negligent Misrepresentation

## XVIII.

Plaintiffs reallege and incorporate by reference all preceding allegations of this complaint as though set forth herein.

## XIX.

Representatives of Wells Fargo Bank owed a duty to accurately report information related to the business affairs of EBJJ Enterprises to its officers and directors and to correct any misinformation that bank representatives had given to its officers and representatives.

## XX.

In violation of their duties, Wells Fargo Bank representatives misrepresented to Joseph Pole that the check cashing operation had been restored to EBJJ Enterprises, Inc.,

1   that Joseph Pole had been restored as an authorized signator to the corporate accounts, and

2   failed to advise Joseph Pole that he had again been removed as an authorized signator.

3                                           **XXI.**

4          As a direct and proximate result of Wells Fargo Bank's negligent

5   misrepresentations, EBJJ Enterprises and Joseph Pole have suffered compensatory

6   damages including but not limited to (a) the loss cash on deposit in an amount to be

7   proved at trial; (b) the loss of profits from the check cashing operation from on or about

8   March of 2006 through the date of verdict in an amount to be proved at trial; and (c)

9   prejudgment interest on the liquidated sums representing all compensatory damages herein

10  at the legal rate.

11                                    **COUNT THREE**

12                 **Substantial Assistance in Breach of Fiduciary Duty**

13                                          **XXII.**

14         Plaintiffs reallege and incorporate by reference all preceding allegations of this

15  complaint as though set forth herein.

16                                         **XXIII.**

17         As president and as a director of EBJJ Enterprises, Inc., Basil Nona owed fiduciary

18  duties to the corporation and to Joseph Pole at common law and pursuant to A.R.S. §10-

19  830 and §10-842 including but not limited to the duty to act with due care in the best

20  interests of the corporation and the duty to make complete disclosure of all material

21  information related to the corporation's business affairs.

22                                         **XXIV.**

23         With the full awareness of Wells Fargo Bank representatives, Basil Nona breached

24  the fiduciary duties that he owed to EBJJ Enterprises, Inc., and to Joseph Pole by conduct

25  including but not limited to conversion of cash on deposit, misappropriation of the check

26  cashing operation which was a corporate asset and opportunity, transferring this

                                           - 6 -

1   misappropriated corporate opportunity to himself and to Nona Check Cashing, LLC, and

2   making excessive distributions from the accounts of EBJJ Enterprises to himself or for his

3   benefit.

4                                           **XXV.**

5          Wells Fargo Bank and its authorized representatives provided substantial assistance

6   and encouragement to Basil Nona in breaching his fiduciary duties through conduct

7   including repeatedly removing Joseph Pole as a signator to the Wells Fargo accounts of

8   EBJJ Enterprises, transferring funds of EBJJ Enterprises to Wells Fargo accounts in the

9   name of Basil Nona, processing checks for Basil Nona and Nona Check Cashing, LLC,

10  which had been converted from the check cashing operation established by EBJJ

11  Enterprises, and concealment of Basil Nona's misconduct and of the misconduct of Wells

12  Fargo Bank representatives.

13                                          **XXVI.**

14         As a direct and proximate result of the substantial assistance that Wells Fargo Bank

15  representatives provided to Basil Nona in breaching his fiduciary duties, EBJJ Enterprises

16  and Joseph Pole have suffered compensatory damages including but not limited to (a) the

17  loss of cash on deposit in an amount to be proved at trial; (b) the loss of profits from the

18  check cashing operation from on or about March of 2006 through the date of verdict in

19  an amount to be proved at trial; and (c) prejudgment interest on the liquidated sums

20  representing all compensatory damages herein at the legal rate.

21                                          **XXVII.**

22         The substantial assistance which Wells Fargo Bank representatives provided to

23  Basil Nona in breaching his fiduciary duties was wanton, willful and done with the intent

24  to wrongfully benefit Basil Nona at the expense of EBJJ Enterprises, Inc., and Joseph

25  Pole, meriting the imposition of punitive damages in an amount to be proved at trial.

26  . . .

WHEREFORE, plaintiff prays relief against Wells Fargo Bank, N.A., as follows:

(1)    For compensatory damages in an amount to be proved at trial for cash converted from the bank account of EBJJ Enterprises, Inc.;

(2)    For compensatory damages representing lost profits from the check cashing operation from on or about March 2006 through the date of verdict in an amount to be proved at trial;

(4)    For prejudgment interest on all compensatory damages awarded herein at the legal rate;

(5)    For postjudgment interest at the legal rate from the date of verdict until paid in full;

(6)    For punitive damages in an amount to be proved at trial;

(7)    For plaintiffs' taxable costs incurred herein;

(8)    For such other and further relief as the court deems just.

RESPECTFULLY SUBMITTED this 13th day of March, 2015

By: _____

Joseph Pole
24205 N. 65th Avenue
Glendale, AZ 85310
(480) 519-9748
Plaintiff

MICHAEL K. JEANES, CLERK
BY *g. fierro*
DEP
FILED

15 OCT -5 PM 1: 01

1  Joseph Pole
   24205 N. 65th Avenue
2  Glendale, AZ 85310
   (480) 519-9748
3  Plaintiff

4  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

5  **IN AND FOR THE COUNTY OF MARICOPA**

6  JOSEPH POLE, a single man, individually and )   No.
   on behalf of EBJJ ENTERPRISES, INC.;     )
7                                            )   **CERTIFICATE OF**
              Plaintiff,                     )   **COMPULSORY**
8                                            )   **ARBITRATION**
   vs.                                       )
9                                            )
   WELLS FARGO BANK, N.A., a national )       CV 2015-053398
10 banking association,                      )
                                            )
11            Defendant.                     )
   _____  )

12

13      The undersigned certifies that he knows the dollar limits and any other limitations

14 set forth by the local rules of practice for the applicable superior court, and further

15 certifies that this case is not subject to compulsory arbitration provided by Rules 72 and

16 76 of the Arizona Rules of Civil Procedure.

17      RESPECTFULLY SUBMITTED this 13th day of March, 2015

18                      By: _____

19                           Joseph Pole
                            24205 N. 65th Avenue
20                          Glendale, AZ 85310
                            (480) 519-9748
21                          Plaintiff

22

23

24

25

26

In the Superior Court of the State of Arizona
In and For the County of Maricopa

# CV2015-053398

~~COURT NEW FILING ONLY~~
(Please Type or Print)

Joseph Pole, Pro Per

| |
|---|
| Is Interpreter Needed? ☐ Yes ☒ No |
| If yes, what language: _____ |
| To the best of my knowledge, all information is true and correct. |
| _Signature_ |
| **Attorney/Pro Per Signature** (If no attorney, YOUR signature) |

Plaintiff's Name(s):  (List all)

**Joseph Pole, a single man, individually and on behalf of EBJJ Enterprises, Inc.,**

Plaintiff's Address:

24205 N. 65th Avenue
Glendale, AZ  85310

(stamp) MICHAEL K. JEANES, CLERK
BY: G. Alonso DEP
FILED 15 OCT -5  PM 1:0

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List all.)

**Wells Fargo Bank, N.A., a national banking association**

EMERGENCY ORDER SOUGHT:
(if applicable)

☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction

☐ Provisional Remedy
☐ Election Challenge
☐ Other _____

___ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY.  (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☒ 111 Negligence/Commercial Torts
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
☐ 136 Six to Nineteen Structures
☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**

☐156 Eminent Domain/Condemnation
☐151 Forcible Detainer
☐152 Change of Name
☐153 Transcript of Judgment
☐154 Foreign Judgment
☐158 Quiet Title
☐160 Forfeiture
☐175 Election Challenge
☐179 Employer Sanction Action (A.R.S. §23-212)
☐180 Injunction against Workplace Harassment
☐181 Injunction against Harassment
☐182 Civil Penalty
☐186 Water Rights **(Not General Stream Adjudication)**
☐187 Real Property
☐Sexually Violent Persons (A.R.S. §36-3704)
(Except Maricopa County)
☐Minor Abortion (See Juvenile in Maricopa County)
☐Special Action Against Lower Courts
(See lower court appeal cover sheet in Maricopa)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**

☐Administrative Review
(See lower court appeal cover sheet in Maricopa)
☐150 Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)

☐155 Declaratory Judgment
☐157 Habeas Corpus
☐184 Landlord Tenant Dispute - Other
☐159 Restoration of Civil Rights (Federal)
☐159 Clearance of Records (A.R.S. §13-4051)
☐190 Declaration of Factual Innocence **(A.R.S.§12-771)**
☐191 Declaration of Factual Improper Party Status
☐193 Vulnerable Adult (A.R.S. §46-451)
☐165 Tribal Judgment
☐167 Structured Settlement (A.R.S. §12-2901)
☐169 Attorney Conservatorships (State Bar)
☐170 Unauthorized Practice of Law (State Bar)
☐171 Out-of-State Deposition for Foreign Jurisdiction
☐172 Secure Attendance of Prisoner
☐173 Assurance of Discontinuance
☐174 In-State Deposition for Foreign Jurisdiction
☐176 Eminent Domain–Light Rail Only
☐177 Interpleader– Automobile Only
☐178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐183 Employment Dispute - Discrimination
☐185 Employment Dispute - Other
☐163 Other

_______________________________
(Specify)

**COMPLEXITY OF THE CASE**

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types

Additional Plaintiff(s)

_______________________________

_______________________________

Additional Defendant(s)

_______________________________

_______________________________

MICHAEL K. JEAHES, CLERK
RECEIVED CCB
DOCUMENT DEPOSITORY

15 NOV -9 AM II: 49

FILED
BY A. CANISALES, DEP

Rickie McTheny (MARICOPA COUNTY#8315)
JBN LEGAL SUPPORT SERVICE, L.L.C.
1408 W. CAMELBACK ROAD
Phoenix, AZ 85013
623-229-9291

## MARICOPA COUNTY SUPERIOR COURT

| | |
|---|---|
| JOSEPH POLE, a single man individually and on behalf of EBJJ ENTERPRISES, INC.,<br>Plaintiff<br>Vs.<br><br>WELLS FARGO BANK, N.A., a national banking association<br>Defendants | Case No: **CV 2015-053398**<br><br>CERTIFICATE OF SERVICE<br>BY A PRIVATE PERSON<br>Arizona Rules of Court 80(1) |

Type of Document(s)      COMPLAINT; SUMMONS; CERTIFICATE OF COMPULSORY ARBITRATION

I personally served true copies of the above listed documents on the person listed below.

ENTITY SERVED:      WELLS FARGO BANK, N.A.
HOW SERVED:         PERSONALLY ON LORENZO PADILLA as SERVICE MANAGER 2
AT:                 100 W. WASHINGTON, PHOENIX, AZ
ON:                 NOVEMBER 6, 2015
TIME:               3:55 PM

The undersigned certifies under penalty of perjury that I am fully qualified under 4(d), 4(c), and 45(d) to serve process in this action within the state of Arizona; having been so appointed and registered by the Superior Court of Maricopa County, Arizona, and that the above is true and accurate.

DECLARANT:

Rickie McTheny
d.b.a. JBN Legal Support Service, L.L.C.
NOVEMBER 9, 2015

CHARGES
DOC FEE:            $ 20.00
MILEAGE             $ 10.00:
ISSUE / PICK-UP     $ 10.00
CERT.               $  5.00

TOTAL               $ 45.00
PP

FILED
11 9 15 11:49 Am
MICHAEL K. JEANES, Clerk
By A. Gonsales
A. Gonsales, Deputy

1    Joseph Pole
     24205 N. 65th Avenue
2    Glendale, AZ 85310
     (480) 519-9748
3    Plaintiff

4           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

5            **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| 6    JOSEPH POLE, a single man, individually and )<br>      on behalf of EBJJ ENTERPRISES, INC.; )<br>7 )<br>           Plaintiff, )<br>8 )<br>      vs. )<br>9 )<br>      WELLS FARGO BANK, N.A., a national )<br>10   banking association, )<br> )<br>11          Defendant. )<br> )<br>_____ ) | No. CV 2015-053398<br><br>**SUMMONS**<br><br>If you would like legal advice from a lawyer,<br>Contact the Lawyer Referral Service at<br>602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the<br>Maricopa County Bar Association |

12

13          THE STATE OF ARIZONA TO THE DEFENDANT:

14          **WELLS FARGO BANK, N.A., a national banking association**

15          YOU ARE HEREBY SUMMONED and required to appear and defend, within the
     time applicable, in this action in this Court. If served within Arizona, you shall appear and
16   defend within 20 days after the service of the Summons and Complaint upon you,
     exclusive of the day of service. If served out of the State of Arizona - whether by direct
17   service, by registered or certified mail, or by publication - you shall appear and defend
     within 30 days after the service of the Summons and Complaint upon you is complete,
18   exclusive of the day of service. Where process is served upon the Arizona Director of
     Insurance as an insurer's attorney to receive service of legal process against it in this state,
19   the insurer shall not be required to appear, answer or plead until expiration of 40 days after
     date of such service upon the Director. Service by registered or certified mail within the
20   State of Arizona is complete 30 days after the date of filing the receipt and affidavit of
     service with the Court. Service by publication is complete 30 days after the date of first
21   publication. Direct service is complete when made. Service upon the Arizona Motor
     Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and
22   return receipt or Officer's Return. RCP 4; A.R.S. §§ 20-222, 28 502, 28-503.

23          YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend
     within the time applicable, judgment by default may be rendered against you for the relief
24   demanded in the Complaint.

25          YOU ARE CAUTIONED that in order to appear and defend, you must file an
     Answer or proper response in writing with the Clerk of this Court, accompanied by the
26   necessary filing fee, within the time required, and you are required to serve a copy of any

1 | Answer or response upon the Plaintiff.  RCP 10(d); A.R.S. § 12-311; RCP 5.

2 |     The name and address of Plaintiff is:

3 |     Joseph Pole
    24205 N. 65th Avenue
4 |     Glendale, Arizona 85310
    (480) 519-9748

5 |

6 |     Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel
7 | at least three (3) judicial days in advance of the scheduled court proceeding.

8 |     Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or
9 | translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

10 |

11 |     SIGNED AND SEALED THIS DATE: _____

12 |

13 |                 MICHAEL K. JEANES, Clerk

14 |

15 |             By   _____   **COPY**
                     Deputy Clerk

16 |                           NOV **0 6** 2015

17 |

18 |                         MICHAEL K. JEANES, CLERK
                        D. ESPINOZA
                        DEPUTY CLERK

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

- 2 -



MICHAEL K. JEANES, CLERK
RECEIVED CCB
DOCUMENT DEPOSITORY

'15 NOV -9 AM 11: 49

[ORIGINAL]

FILED
BY A. CANISALES, DEP

1   Joseph Pole
    24205 N. 65th Avenue
2   Glendale, AZ 85310
    (480) 519-9748
3   Plaintiff

4   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

5   **IN AND FOR THE COUNTY OF MARICOPA**

6   JOSEPH POLE, a single man, individually and )   No. CV 2015-053398
    on behalf of EBJJ ENTERPRISES, INC.;       )
7                                               )   **SUMMONS**
              Plaintiff,                        )
8                                               )
    vs.                                         )
9                                               )   If you would like legal advice from a lawyer,
    WELLS FARGO BANK, N.A., a national          )   Contact the Lawyer Referral Service at
10  banking association,                        )   602-257-4434
                                                )   or
11            Defendant.                        )   www.maricopalawyers.org
                                                )   Sponsored by the
12  _____    )   Maricopa County Bar Association

13  THE STATE OF ARIZONA TO THE DEFENDANT:

14  **WELLS FARGO BANK, N.A., a national banking association**

15        YOU ARE HEREBY SUMMONED and required to appear and defend, within the
    time applicable, in this action in this Court. If served within Arizona, you shall appear and
16  defend within 20 days after the service of the Summons and Complaint upon you,
    exclusive of the day of service. If served out of the State of Arizona - whether by direct
17  service, by registered or certified mail, or by publication - you shall appear and defend
    within 30 days after the service of the Summons and Complaint upon you is complete,
18  exclusive of the day of service. Where process is served upon the Arizona Director of
    Insurance as an insurer's attorney to receive service of legal process against it in this state,
19  the insurer shall not be required to appear, answer or plead until expiration of 40 days after
    date of such service upon the Director. Service by registered or certified mail within the
20  State of Arizona is complete 30 days after the date of filing the receipt and affidavit of
    service with the Court. Service by publication is complete 30 days after the date of first
21  publication. Direct service is complete when made. Service upon the Arizona Motor
    Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and
22  return receipt or Officer's Return. RCP 4; A.R.S. §§ 20-222, 28 502, 28-503.

23        YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend
    within the time applicable, judgment by default may be rendered against you for the relief
24  demanded in the Complaint.

25        YOU ARE CAUTIONED that in order to appear and defend, you must file an
    Answer or proper response in writing with the Clerk of this Court, accompanied by the
26  necessary filing fee, within the time required, and you are required to serve a copy of any

1   Answer or response upon the Plaintiff. RCP 10(d); A.R.S. § 12-311; RCP 5.

2       The name and address of Plaintiff is:

3       Joseph Pole
        24205 N. 65th Avenue
4       Glendale, Arizona 85310
        (480) 519-9748

5

6       Requests for reasonable accommodation for persons with disabilities must be made
        to the division assigned to the case by the party needing accommodation or his/her counsel
7       at least three (3) judicial days in advance of the scheduled court proceeding.

8       Requests for an interpreter for persons with limited English proficiency must be
        made to the division assigned to the case by the party needing the interpreter and/or
9       translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court
        proceeding.                             NOV 06 2015
10

11      SIGNED AND SEALED THIS DATE: _____

12                                      MICHAEL K. JEANES, **CLERK**

13                                      MICHAEL K. JEANES, Clerk

14

15                              By   _____
                                          Deputy Clerk
16                                             D. Espinoza

17

18

19

20

21

22

23

24

25

26

                                        - 2 -

# EXHIBIT B

Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Michael S. Catlett (#025238)
Michael.Catlett@quarles.com
Julia J. Koestner (#031707)
Julia.Koestner@quarles.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Pole,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Wells Fargo Bank, N.A.<br><br>                    Defendant. | NO.<br><br>(formerly Maricopa County Superior Court Case No. CV2015-053398)<br><br>**VERIFICATION OF MICHAEL S. CATLETT** |

**MICHAEL S. CATLETT** hereby declare as follows:

1.      I am an attorney in the law firm of Quarles & Brady LLP and am counsel of record for Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in the above-captioned action.  This Declaration is offered in support of Wells Fargo's Notice of Removal and is based on my personal knowledge.

2.      In accordance with 28 U.S.C. § 1446(a) and L.R. Civ. 3.6(b), Wells Fargo has filed a true and complete copy of all pleadings and other documents that were previously filed with the Arizona Superior Court, Maricopa County, contemporaneously with the filing of Wells Fargo's Notice of Removal.

1      I declare under the penalty of perjury that the foregoing is true and correct.

2      DATED this 30th day of November, 2015.

3

4                                        _____
                                         Michael S. Catlett

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT C

1
2
3

Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

4  Michael S. Catlett (#025238)
   Michael.Catlett@quarles.com
5  Julia J. Koestner (#031707)
   Julia.Koestner@quarles.com

6  *Attorneys for Defendant*

7

8              IN THE UNITED STATES DISTRICT COURT

9                 FOR THE DISTRICT OF ARIZONA

10

11  Joseph Pole,                         NO.

12              Plaintiff,               (formerly Maricopa County Superior
                                         Court Case No. CV2015-053398)
13          vs.

14  Wells Fargo Bank, N.A.               **DECLARATION OF MICHAEL S.
                                         CATLETT**
              Defendant.
15

16

17  **MICHAEL S. CATLETT** hereby declares as follows:

18         1.     My name is Michael S. Catlett.  I am an attorney in the law firm of Quarles

19  & Brady LLP.  I am counsel of record for Defendant Wells Fargo Bank, N.A. ("Wells

20  Fargo") in the above-captioned matter.  This Declaration is offered in support of Wells

21  Fargo's Notice of Removal and is based upon my personal knowledge.

22         2.     Defendant Wells Fargo is a National Bank.   Wells Fargo is neither

23  domiciled in, nor maintains its principal place of business in, Arizona.  Attached hereto

24  as **Exhibit "1"** is a complete and authentic copy of a printout from the website of the

25  Office of the Comptroller of the Currency, demonstrating that Wells Fargo is a federally-

26  chartered national bank with its principal place of business in the State of South Dakota.

3.      I declare under penalty of perjury that the foregoing is true and correct. DATED this 30th day of November, 2015.

Michael S. Catlett

# EXHIBIT 1

## National Banks Active As of 10/31/2015

| CHARTER NO | NAME | CITY | STATE | CERT | RSSD |
|---|---|---|---|---|---|
| 8694 | The Yoakum National Bank | Yoakum | TX | 5595 | 311265 |
| 22883 | Thomasville National Bank | Thomasville | GA | 34068 | 2344753 |
| 15817 | Thumb National Bank and Trust Company | Pigeon | MI | 14513 | 698649 |
| 12437 | Titan Bank, National Association | Mineral Wells | TX | 3225 | 328357 |
| 24789 | Touchmark National Bank | Alpharetta | GA | 58687 | 3645840 |
| 15980 | Town North Bank, National Association | Dallas | TX | 20727 | 384652 |
| 16708 | Town-Country National Bank | Camden | AL | 22621 | 180537 |
| 18358 | Trans Pacific National Bank | San Francisco | CA | 25644 | 403067 |
| 15738 | Tri City National Bank | Oak Creek | WI | 18922 | 242444 |
| 17926 | Triad Bank, National Association | Tulsa | OK | 24677 | 283652 |
| 24397 | Trinity Bank, National Association | Fort Worth | TX | 57543 | 3185896 |
| 10523 | Trustmark National Bank | Jackson | MS | 4988 | 342634 |
| 14434 | Tuscola National Bank | Tuscola | IL | 938 | 598646 |
| 16814 | Twin River National Bank | Clarkston | WA | 22993 | 427960 |
| 24 | U.S. Bank National Association | Cincinnati | OH | 6548 | 504713 |
| 23412 | U.S. Bank Trust Company, National Association | Portland | OR | 34588 | 2567123 |
| 24090 | U.S. Bank Trust National Association | Wilmington | DE | 57047 | 2916963 |
| 23604 | U.S. Bank Trust National Association SD | Sioux Falls | SD | 34813 | 2667920 |
| 22874 | UMB Bank & Trust, National Association | St. Louis | MO | 34065 | 2337335 |
| 23920 | UMB Bank, National Association | Kansas City | MO | 8273 | 936855 |
| 24047 | Unified Trust Company, National Association | Lexington | KY | 35534 | 2924128 |
| 7236 | Union National Bank | Elgin | IL | 3661 | 963730 |
| 11463 | Union National Bank & Trust Company | Sparta | WI | 5325 | 68448 |
| 24346 | United Bank & Trust National Association | Marshalltown | IA | 57391 | 3103591 |
| 23981 | United National Bank | Cairo | GA | 35427 | 2914727 |
| 21008 | Unity National Bank of Houston | Houston | TX | 26351 | 853251 |
| 15790 | Valley National Bank | Passaic | NJ | 9396 | 229801 |
| 17174 | Valley National Bank | Tulsa | OK | 23737 | 347956 |
| 24121 | Vanguard National Trust Company, National Association | Malvern | PA | 57304 | 3045383 |
| 23849 | Vectra Bank Colorado, National Association | Farmington | NM | 2993 | 933957 |
| 23616 | Virginia National Bank | Charlottesville | VA | 34755 | 2708122 |
| 12591 | Vision Bank, National Association | Ada | OK | 4029 | 241157 |
| 24751 | Vnbtrust, National Association | Charlottesville | VA | 58748 | 3616680 |
| 25073 | Washington Federal, National Association | Seattle | WA | 28088 | 656377 |
| 24685 | Waterford Bank, National Association | Toledo | OH | 58433 | 3588424 |
| 24469 | Webster Bank, National Association | Waterbury | CT | 18221 | 761806 |
| 17202 | Wellington Trust Company, National Association | Boston | MA | 23741 | 692704 |
| 2597 | Wells Fargo Bank Northwest, National Association | Ogden | UT | 13718 | 688079 |
| 11668 | Wells Fargo Bank South Central, National Association | Houston | TX | 5146 | 2362458 |
| 1 | Wells Fargo Bank, National Association | Sioux Falls | SD | 3511 | 451965 |
| 23201 | Wells Fargo Delaware Trust Company, National Association | Wilmington | DE | 34465 | 2531991 |
| 21099 | Wells Fargo Financial National Bank | Las Vegas | NV | 27389 | 1225761 |
| 24185 | West Texas National Bank | Midland | TX | 22957 | 237066 |
| 24683 | West Valley National Bank | Goodyear | AZ | 58426 | 3480069 |
| 6352 | Western National Bank | Cass Lake | MN | 5110 | 278751 |
| 13116 | Western National Bank | Duluth | MN | 5131 | 127055 |
| 10971 | Western National Bank | Chester | NE | 4778 | 199351 |
| 23918 | Wheaton College Trust Company, National Association | Wheaton | IL | 57150 | 2960788 |
| 22859 | Wilmington Trust, National Association | Wilmington | DE | 34069 | 2265456 |
| 10865 | Winona National Bank | Winona | MN | 5280 | 220059 |
| 16892 | Woodforest National Bank | The Woodlands | TX | 23220 | 412751 |
| 17816 | Woodhaven National Bank | Fort Worth | TX | 24551 | 513050 |
| 23926 | Woodlands National Bank | Hinckley | MN | 1417 | 980951 |
| 24343 | Worthington National Bank | Arlington | TX | 57414 | 3150205 |
| 14955 | Zapata National Bank | Zapata | TX | 18454 | 218261 |
| 4341 | Zions First National Bank | Salt Lake City | UT | 2270 | 276579 |
| 24398 | Zions Trust, National Association | Salt Lake City | UT | 57638 | 3192960 |

# EXHIBIT D

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
S. Bagnall, Deputy
4/6/2015 3:07:00 PM
Filing ID 6515160

1  **BURCH & CRACCHIOLO, P.A.**
2  702 East Osborn Road
   Phoenix, Arizona 85014
   Telephone (602) 274-7611
3
4  Bryan F. Murphy, SBA #006414
   bmurphy@bcattorneys.com
5  Laura J. Meyer, SBA #028755
   lmeyer@bcattorneys.com
6
   **KUTAK ROCK LLP**
7  8601 North Scottsdale Road, Suite 300
   Scottsdale, Arizona 85253-2738
8  Telephone (480) 429-5000
9  Douglas H. Allsworth, SBA #017104
   Doug.allsworth@Kutakrock.com
10 Attorneys for Plaintiffs

11
12    **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13        **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| EBJJ ENTERPRISES, INC., an Arizona corporation; JOSEPH POLE, a single man; | No. CV2014-011858 |
| Plaintiffs, | **FIRST AMENDED VERIFIED COMPLAINT** |
| vs. | **(Shareholder Derivative Action/Commercial Torts)** |
| BASIL NONA, a single man; NONA CHECK CASHING, LLC, an Arizona limited liability company; | |
| Defendants. | |

14
15
16
17
18
19
20

21      For their First Amended Verified Complaint, plaintiffs EBJJ Enterprises, Inc., and

22  Joseph Pole allege as follows:

23          **ALLEGATIONS COMMON TO ALL COUNTS**

24                           **I.**

25      Plaintiff EBJJ Enterprises, Inc., is a corporation formed under the laws of the State

26  of Arizona with its principal place of business in Maricopa County, Arizona.

**II.**

Plaintiff Joseph Pole is a single man who resides in Maricopa County Arizona. Joseph Pole owns 50% of the outstanding shares in EBJJ Enterprises, Inc., and at all relevant times has served as vice-president and as a director of EBJJ Enterprises.

**III.**

Joseph Pole prosecutes this shareholder derivative action on behalf of EBJJ Enterprises, Inc., pursuant to Rule 23.1, Ariz. R. Civ. P., having made written demand on corporate counsel to institute this litigation on behalf of EBJJ Enterprises, Inc., by correspondence dated August 14, 2014, a true copy of which is attached hereto as Exhibit "A," which demand was refused by correspondence from corporate counsel dated August 29, 2014, a true copy of which is attached hereto as Exhibit "B."

**IV.**

Defendant Basil Nona is a single man who resides in Maricopa County, Arizona. Basil Nona owns 50% of the outstanding shares in EBJJ Enterprises, Inc., and at all relevant times has served as president and as a director of EBJJ Enterprises, Inc. Basil Nona is the first cousin of plaintiff Joseph Pole.

**V.**

Defendant Nona Check Cashing, LLC, is an Arizona limited liability company. Basil Nona is the sole member and manager of Nona Check Cashing, LLC.

**VI.**

From the time of its formation in September of 2002 until March of 2014, EBJJ Enterprises, Inc., owned and operated a retail liquor store known as Broadway Liquor located at 405 East Broadway Road in Mesa, Arizona. Basil Nona served as the on-site manager of Broadway Liquor and was throughout responsible for its day-to-day operations.

. . .

**VII.**

During the early 2000s EBJJ Enterprises, Inc., began operating a check cashing operation at its Broadway Liquor location which it financed through the corporation's line of credit, which was originally at Bank One.  The check cashing operation developed quickly and generated significant corporate profits.

**VIII.**

In or about March of 2006 defendant Basil Nona withdrew funds from bank accounts maintained by EBJJ Enterprises, Inc. at Wells Fargo Bank, which he deposited into a bank account opened in his own name, transferred to his own name a security deposit at Wells Fargo Bank which collateralized the check cashing operation, and began operating the corporate check cashing operation for his own account, all without the knowledge or consent of Joseph Pole and without the payment of any consideration or compensation to EBJJ Enterprises, Inc.

**IX.**

Later in 2006 Joseph Pole discovered that Basil Nona had converted the corporation's check cashing operation to his own account and insisted that these assets be returned to the ownership and control of EBJJ Enterprises, Inc.  Basil Nona represented that this would be done and subsequently made affirmative representations to Joseph Pole that the check cashing business in fact had been returned to operation by EBJJ Enterprises, Inc.

**X.**

Basil Nona formed Nona Check Cashing, LLC, in May of 2008, and in or about February of 2009 began conducting the check cashing operation at Broadway Liquor through this entity without the knowledge or consent of Joseph Pole.

. . .

. . .

**XI.**

During 2013 Basil Nona negotiated the sale of Broadway Liquor to a third party without the knowledge or consent of Joseph Pole, who learned of the sale only in January of 2014 when corporate counsel requested his signature on sale documents.

**XII.**

In the course of investigating the terms of the Broadway Liquor sale Joseph Pole discovered that Basil Nona had never returned the checking cashing operation which he had converted from EBJJ Enterprises, Inc. and had continued to operate the check cashing operation for his own account rather than on behalf of EBJJ Enterprises, Inc. Joseph Pole did not have actual knowledge of Basil Nona's misrepresentations prior to that point and should not reasonably have known of his misrepresentations due to his good faith reliance on Basil Nona's fiduciary duties of disclosure.

**XIII.**

The sale of Broadway Liquor to a third party buyer closed in March of 2014. Upon information and belief, Basil Nona continues to operate the check cashing operation through the accounts of Nona Check Cashing, LLC out of the Broadway Liquor premises under an agreement with the current owner.

**XIV.**

After this litigation was filed Joseph Pole subpoenaed bank and financial records regarding EBJJ Enterprises from third parties. He then discovered that during the period beginning in 2001 and ending when EBJJ was sold in 2014 Joseph Pole and Warina Pole received distributions from EBJJ of $1,484,333.36, while Basil Nona wrongfully made distributions from EBJJ to himself far in excess of his entitlement as 50% owner without the knowledge or consent of Joseph Pole in an amount no less than $3,364,920.91 to be proved at trial in the form of direct dividends, Discover e-payments from the accounts of EBJJ to his personal bank account, checks written from EBJJ's accounts to Michael Shabo

1   that upon information and belief were then routed to Basil Nona, payments to family

2   members of Basil Nona from the accounts of EBJJ, and payment of personal expenses of

3   Basil Nona from the accounts of EBJJ.

### COUNT ONE

### Accounting

#### XV.

7   Plaintiffs reallege and incorporate by reference all preceding allegations of this

8   complaint as though set forth herein.

#### XVI.

10   As the president and as a director of EBJJ Enterprises Basil Nona owes fiduciary

11   responsibilities to EBJJ Enterprises and to Joseph Pole including a duty to account for all

12   assets of the corporation and for all distributions made from the corporation to himself and

13   for his benefit.

#### XVII.

15   EBJJ Enterprises and Joseph Pole are entitled to an accounting from Basil Nona

16   and from Nona Check Cashing, LLC, with regard to all profits and proceeds of the check

17   cashing operation which was converted from EBJJ Enterprises, and with regard to all

18   distributions that Basil Nona made to himself or for his benefit from the accounts of EBJJ

19   Enterprises.

#### XVIII.

21   This action arises out of contract, and plaintiffs are entitled to an award of

22   attorneys' fees incurred in the prosecution of this action pursuant to A.R.S. § 12-

23   431.01(A) and to an award of costs incurred in the prosecution of this action pursuant to

24   A.R.S. § 12-341.

25   . . .

26   . . .

## COUNT TWO

### Breach of Fiduciary Duty

#### XIX.

Plaintiffs reallege and incorporate by reference all preceding allegations of this complaint as though set forth herein.

#### XX.

As president and as a director of EBJJ Enterprises, Inc., Basil Nona owed fiduciary duties to the corporation and to Joseph Pole at common law and pursuant to A.R.S. §10-830 and §10-842 including but not limited to the duty to act with due care in the best interests of the corporation and the duty to make complete disclosure of all material information related to the corporation's business affairs.

#### XXI.

Basil Nona breached the fiduciary duties that he owed to EBJJ Enterprises, Inc., and to Joseph Pole by conduct including but not limited to conversion of cash on deposit, misappropriation of the check cashing operation which was a corporate asset and opportunity, transferring this misappropriated corporate opportunity to himself and to Nona Check Cashing, LLC, and making excessive distributions from the accounts of EBJJ Enterprises to himself or for his benefit.

#### XXII.

As a direct and proximate result of Basil Nona's breach of fiduciary duty, EBJJ Enterprises and Joseph Pole have suffered compensatory damages including but not limited to (a) the loss of cash on deposit in an amount to be proved at trial; (b) the loss of profits from the check cashing operation from on or about March of 2006 through the date of verdict in an amount to be proved at trial; (c) losses resulting from excessive distributions from EBJJ Enterprises taken by Basil Nona; and (d) prejudgment interest on the liquidated sums representing all compensatory damages herein at the legal rate.

### XXIII.

The breaches of fiduciary by Basil Nona complained of herein were wanton, willful, and done with the intent to benefit himself to the injury of EBJJ Enterprises, Inc., and Joseph Pole, meriting the imposition of punitive damages in an amount to be proved at trial.

### COUNT THREE

### Constructive Fraud

### XXIV.

Plaintiffs reallege and incorporate by reference all preceding allegations of this complaint as though set forth herein.

### XXV.

While acting as a fiduciary to EBJJ Enterprises, Inc., and Joseph Pole, Basil Nona engaged in constructive fraud through conduct including but not limited to conversion of cash on deposit, misappropriation of the check cashing operation which was a corporate asset and opportunity, transferring this misappropriated corporate opportunity to himself and to Nona Check Cashing, LLC, and making excessive distributions from the accounts of EBJJ Enterprises to himself or for his benefit .

### XXVI.

Basil Nona's false assurances that he had restored the assets which he had converted to EBJJ Enterprises, Inc. induced Joseph Pole, individually and as an officer and director of EBJJ Enterprises, Inc., to act in justifiable reliance on Basil Nona's misrepresentations.

### XXVII.

As a direct and proximate result of Basil Nona's constructive fraud, EBJJ Enterprises and Joseph Pole have suffered compensatory damages including but not limited to (a) the loss cash on deposit in an amount to be proved at trial; (b) the loss of

1    profits from the check cashing operation from on or about March of 2006 through the date

2    of verdict in an amount to be proved at trial; (c) losses resulting from excessive

3    distributions from EBJJ Enterprises taken by Basil Nona in an amount to be proved at

4    trial; and (d) prejudgment interest on the liquidated sums representing all compensatory

5    damages herein at the legal rate.

6                                            **XXVIII.**

7          The constructive fraud of Basil Nona complained of herein was wanton, willful,

8    and done with the intent to benefit himself to the injury of EBJJ Enterprises, Inc., and

9    Joseph Pole, meriting the imposition of punitive damages in an amount to be proved at

10   trial.

11                                      **<u>COUNT FOUR</u>**

12                                   **<u>Common Law Fraud</u>**

13                                           **XXIX.**

14         Plaintiffs reallege and incorporate by reference all preceding allegations of this

15   complaint as though set forth herein.

16                                            **XXX.**

17         Basil Nona, individually and on behalf of Nona Check Cashing, LLC, made false

18   and material representations to Joseph Pole and concealed material information which he

19   was obligated to disclose to Joseph Pole, individually and as an officer and director of

20   EBJJ Enterprises, Inc., including that defendants had converted cash on deposit from EBJJ

21   Enterprises, had converted the check cashing operation of EBJJ Enterprises to Basil

22   Nona's own account, had transferred this misappropriated corporate opportunity to Nona

23   Check Cashing, LLC, and had made excessive distributions to Basil Nona from the

24   accounts of EBJJ Enterprises.

25   . . .

26   . . .

                                             - 8 -

**XXXI.**

Basil Nona knew that his representations to Joseph Pole and concealment of material facts from Joseph Pole were false and Basil Nona intended that his misrepresentations would be relied upon by Joseph Pole by foregoing further investigation and legal action related to his conversion of corporate assets.

**XXXII.**

Joseph Pole, individually and as an officer and director of EBJJ Enterprises, Inc., was at all times ignorant of the falsity of Basil Nona's misrepresentations and rightfully and reasonably relied on Basil Nona to reveal material facts which he concealed due to the fiduciary relationship and relationship of trust between them as first cousins.

**XXXIII.**

As a direct and proximate result of Basil Nona's fraudulent conduct individually and on behalf of Nona Check Cashing, LLC, EBJJ Enterprises and Joseph Pole have suffered compensatory damages including but not limited to (a) the loss cash on deposit in an amount to be proved at trial; (b) the loss of profits from the check cashing operation from on or about March of 2006 through the date of verdict in an amount to be proved at trial; (c) losses resulting from excessive distributions from EBJJ Enterprises taken by Basil Nona in an amount to be proved at trial; and (d) prejudgment interest on the liquidated sums representing all compensatory damages herein at the legal rate.

**XXXIV.**

The fraudulent conduct by Basil Nona individually and on behalf of Nona Check Cashing, LLC, complained of herein was wanton, willful, and done with the intent to benefit himself to the injury of EBJJ Enterprises, Inc., and Joseph Pole, meriting the imposition of punitive damages in an amount to be proved at trial.

. . .

. . .

- 9 -

## COUNT FIVE

### Misappropriation of Corporate Opportunities

### XXXV.

Plaintiffs reallege and incorporate by reference all preceding allegations of this complaint as though set forth herein.

### XXXVI.

As president and a director of EBJJ Enterprises, Inc., Basil Nona individually and as member and manager of Nona Check Cashing, LLC, owed a specific duty to protect business opportunities of the corporation including but not limited to its check cashing operation.

### XXXVII.

Basil Nona and Nona Check Cashing, LLC, misappropriated corporate opportunities of EBJJ Enterprises, Inc., by converting its check cashing operation to their respective accounts.

### XXXVIII.

As a direct and proximate result of Basil Nona's fraudulent conduct individually and on behalf of Nona Check Cashing, LLC, EBJJ Enterprises and Joseph Pole have suffered compensatory damages including but not limited to (a) the loss cash on deposit in an amount to be proved at trial; (b) the loss of profits from the check cashing operation from on or about March of 2006 through the date of verdict in an amount to be proved at trial; (c) losses resulting from excessive distributions from EBJJ Enterprises taken by Basil Nona in an amount to be proved at trial; and (d) prejudgment interest on the liquidated sums representing all compensatory damages herein at the legal rate.

### XXXIX.

The fraudulent conduct by Basil Nona individually and on behalf of Nona Check Cashing, LLC, complained of herein were wanton, willful, and done with the intent to

1   benefit himself to the injury of EBJJ Enterprises, Inc., and Joseph Pole, meriting the

2   imposition of punitive damages in an amount to be proved at trial.

3   ### COUNT SIX

4   ### Conversion of Corporate Assets

5   ### XL.

6   Plaintiffs reallege and incorporate by reference all preceding allegations of this

7   complaint as though set forth herein.

8   ### XLI.

9   Basil Nona individually and on behalf of Nona Check Cashing, LLC, wrongfully

10  exercised dominion and control over assets of EBJJ Enterprises, Inc., by converting cash

11  on deposit and by converting its check cashing operation and profits generated by that

12  check cashing operation from March of 2006 through present date on an ongoing basis.

13  ### XLII.

14  As a direct and proximate result of Basil Nona's conversion individually and on

15  behalf of Nona Check Cashing, LLC, EBJJ Enterprises and Joseph Pole have suffered

16  compensatory damages including but not limited to (a) the loss cash on deposit in an

17  amount to be proved at trial; (b) the loss of the check cashing operation and resulting

18  profits from on or about March of 2006 through the date of verdict in an amount to be

19  proved at trial; (c) losses resulting from excessive distributions from EBJJ Enterprises

20  taken by Basil Nona in an amount to be proved at trial; and (d) prejudgment interest on

21  the liquidated sums representing all compensatory damages herein at the legal rate.

22  ### XLIII.

23  The conversion of corporate assets by Basil Nona  individually and on behalf of

24  Nona Check Cashing, LLC, complained of herein was wanton, willful, and done with the

25  intent to benefit himself to the injury of EBJJ Enterprises, Inc., and Joseph Pole, meriting

26  the imposition of punitive damages in an amount to be proved at trial.

- 11 -

## COUNT SEVEN

### Constructive Trust

### XLIV.

Plaintiffs reallege and incorporate by reference all preceding allegations of this complaint as though set forth herein.

### XLV.

By converting the check cashing operation which was an asset and corporate opportunity of EBJJ Enterprises, Inc., Basil Nona and Nona Check Cashing, LLC, have wrongfully and inequitably come into possession of assets rightfully belonging to EBJJ Enterprises, Inc.

### XLVI.

By making excessive distributions to himself from the accounts of EBJJ Enterprises, Inc., Basil Nona has wrongfully and inequitably come into possession of assets rightfully belonging to EBJJ Enterprises, Inc.

### XLVII.

Equity requires imposition of a constructive trust on all assets of Basil Nona and of Nona Check Cashing, LLC, which are traceable to check cashing operations and to excessive distributions from EBJJ Enterprises, Inc.

WHEREFORE, plaintiffs pray relief against Basil Nona and Nona Check Cashing, LLC, as follows:

(1)     For imposition of a constructive trust on all assets of Basil Nona and of Nona Check Cashing, LLC, which are traceable to check cashing activities and/or to excessive distributions which Basil Nona made to himself from EBJJ Enterprises, Inc.;

(2)     For an accounting of all profits and proceeds of the check cashing operation which Basil Nona and Nona Check Cashing, LLC, converted from EBJJ

1   Enterprises, and of all distributions which Basil Nona made to himself or

2   for his benefit from the accounts of EBJJ Enterprises;

3   (2)   For compensatory damages in an amount to be proved at trial for cash

4   converted from the bank account of EBJJ Enterprises, Inc.;

5   (3)   For an order compelling Basil Nona and Nona Check Cashing, LLC, to

6   return the check cashing business and all related operations to the

7   possession and control of EBJJ Enterprises, Inc.;

8   (4)   For compensatory damages representing lost profits from the check cashing

9   operation from on or about March 2006 through the date of verdict in an

10   amount to be proved at trial;

11   (5)   For compensatory damages representing excessive distributions that Basil

12   Nona made to himself and for his benefit from the accounts of EBJJ

13   Enterprises in an amount to be proved at trial;

14   (6)   For prejudgment interest on all compensatory damages awarded herein at

15   the legal rate;

16   (7)   For postjudgment interest at the legal rate from the date of verdict until paid

17   in full;

18   (8)   For punitive damages in an amount to be proved at trial;

19   (9)   For plaintiffs' attorneys' fees and taxable costs incurred herein;

20   (10)   For such other and further relief as the court deems just.

21   . . .

22   . . .

23   . . .

24

25

26

- 13 -

1    RESPECTFULLY SUBMITTED this 6th day of April, 2015.

2                                    Douglas H. Allsworth
                                     KUTAK ROCK LLP
3                                    8601 N Scottsdale Road, Suite 300
                                     Scottsdale, Arizona 85253-2738
4
                                     BURCH & CRACCHIOLO, P.A.
5

6                              By:   /s/ Bryan F. Murphy
                                     Bryan F. Murphy
7                                    Laura J. Meyer
                                     702 East Osborn Road, Suite 200
8                                    Phoenix, Arizona 85014
                                     Attorneys for Plaintiffs
9

10   ORIGINAL OF THE FOREGOING
     E-filed this 6th day of April, 2015, with:
11
     Clerk of the Superior Court
12   Maricopa County

13   and copy e-served on:

14   Honorable Robert Oberbillig
     Judge of the Superior Court
15
     Eugene M. Kadish
16   Stephen J. Anthony
     EUGENE M. KADISH, LTD.
17   1701 S. Mill Ave., Ste. 102
     Tempe, Arizona 85281
18
     Brian K. Stanley
19   3200 North Central Avenue, Suite 2500
     Phoenix, Arizona 85012-2445
20   Attorney for Basil Nona

21   /s/ Betty Schrage

22

23

24

25

26

                                   - 14 -

## **VERIFICATION**

Joseph Pole hereby makes the following declaration under penalty of perjury.

I am a named plaintiff in this case; I have read the foregoing First Amended Verified Complaint and am familiar with the statements contained therein; those statements are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the forgoing is true and correct. Executed on April 6, 2015.

_____
Joseph Pole

- 15 -

# EXHIBIT A



BURCH & CRACCHIOLO

BRYAN F. MURPHY
Direct Line: 602.234.9914
Facsimile: 602.343.7914
bmurphy@bcattorneys.com

August 14, 2014

**BY E-MAIL AND**
**U.S. MAIL**

Eugene M. Kadish
EUGENE M. KADISH, LTD.
1701 S. Mill Ave., Ste. 102
Tempe, Arizona 85281

  Re: *EBJJ Enterprises, Inc. v. Basil Nona*

Dear Gene:

  I write to you as counsel for EBJJ Enterprises, Inc., to request that the corporation commence legal action again Basil Nona on the following grounds.

  My client, Joseph Pole, and Basil Nona each own 50% of the shares in EBJJ Enterprises, Inc.("EBJJ"). In 2004 EBJJ began offering check cashing services on the premises of its wholly-owned asset, Broadway Liquors in Mesa. We understand that at some point in 2006 Basil Nona moved $750,000 in cash from EBJJ's account at Wells Fargo Bank into a separate Wells Fargo account that was established in his name individually and then began operating the check cashing business as his sole and separate asset at Broadway Liquors. Broadway Liquors has since been sold and the sales proceeds are currently being held in escrow pending resolution of disputes between Joseph Pole and Basil Nona respecting allocation of the proceeds. Our understanding, however, is that Basil Nona continues to operate the check cashing operation out of the Broadway Liquors premises, presumably under some form of agreement with the new owner.

  It goes without saying that Basil Nona owed fiduciary duties to EBJJ as its President and shareholder including duties of loyalty and of due care, duties which also extended to Joseph Pole as co-owner. In taking the check cashing operation and the $750,000 necessary to fund it Basil Nona breached fiduciary duties owed to EBJJ and to Joseph Pole to not compete with the corporation and converted a corporate asset. He is liable to EBJJ for return of the $750,000 plus interest on this liquidated sum from the date the funds were converted; for all profits from the check cashing operation that he has pocketed individually; for the return of these assets to the corporation; and for punitive damages for malfeasance that is *per se* willful and intentional.



Eugene M. Kadish
August 14, 2014
Page 2

      Demand is hereby made that EBJJ forthwith commence legal action against Basil Nona seeking all available legal remedies for this conversion of corporate opportunities and resulting damages.  Please be informed that if such legal action is not commenced on behalf of the corporation by September 1, 2014, Joseph Pole will institute a shareholder derivative action on behalf of EBJJ against Basil Nona in accordance with Rule 23.1, Arizona Rules of Civil Procedure.

      Thank you for your consideration.

                            Sincerely,

                            Bryan F. Murphy
                            For the Firm

BFM/bs
cc: William D. Black



# EXHIBIT B

EUGENE M. KADISH _____
Attorney at Law

EUGENE M. KADISH, LTD.
1701 S. Mill Avenue, Ste. 102
Tempe, Arizona 85281
(480) 967-2688
FAX (480) 967-2725
Email: emk@emkadish.com

August 29, 2014

*VIA Email bmurphy@bcattorneys.com and U.S. Mail*
Bryan F. Murphy, Esq.
BURCH & CRACCHIOLO
702 E. Osborn Rd., Ste. 200
Phoenix, Arizona 85014

Re:   *Basil Nona/Joseph Pole/EBJJ Enterprises, Inc.*

Dear Bryan:

Responding to your August 14th letter, Basil Nona, President of EBJJ, rejects your request that EBJJ file a lawsuit against Basil Nona on the grounds set forth in your letter. EBJJ does not believe there is any basis to file a lawsuit against Basil Nona. In any event, the parties previously agreed to mediate their dispute.

On March 13, 2014, at the closing of the sale of EBJJ, the parties entered into an Addendum to Escrow Instructions and Agreement ("Addendum"), a copy of which is enclosed, whereby the parties agreed to mediate all claims "…relating to their business relationship over the past several years." In furtherance of this agreement to mediate, the Addendum includes a disbursement of $7,500.00 from the sale proceeds, fifty percent each to the trust accounts of Eugene M. Kadish and William D. Black, to pay for the cost of the mediator. The claims set forth in your letter clearly are included within the "Claims" as defined in the attached Addendum.

Under the circumstances, my client requests that a mutually agreeable qualified mediator be appointed by September 15, 2014. I propose that we each nominate three (3) names of qualified mediators by an exchange of emails by September 5th, with a final mutual selection by September 15th.

Please confirm your client's willingness to participate in the mediation upon receipt.

Very truly yours,

Eugene M. Kadish

EMK/wp
Enclosure
cc:   *Basil Nona*

# EXHIBIT E



BURCH & CRACCHIOLO

BRYAN F. MURPHY
Direct Line: 602.234.9914
Facsimile: 602.343.7914
bmurphy@bcattorneys.com

August 14, 2014

**BY E-MAIL AND**
**U.S. MAIL**

Eugene M. Kadish
EUGENE M. KADISH, LTD.
1701 S. Mill Ave., Ste. 102
Tempe, Arizona 85281

    Re:    *EBJJ Enterprises, Inc. v. Basil Nona*

Dear Gene:

    I write to you as counsel for EBJJ Enterprises, Inc., to request that the corporation commence legal action again Basil Nona on the following grounds.

    My client, Joseph Pole, and Basil Nona each own 50% of the shares in EBJJ Enterprises, Inc.("EBJJ"). In 2004 EBJJ began offering check cashing services on the premises of its wholly-owned asset, Broadway Liquors in Mesa. We understand that at some point in 2006 Basil Nona moved $750,000 in cash from EBJJ's account at Wells Fargo Bank into a separate Wells Fargo account that was established in his name individually and then began operating the check cashing business as his sole and separate asset at Broadway Liquors. Broadway Liquors has since been sold and the sales proceeds are currently being held in escrow pending resolution of disputes between Joseph Pole and Basil Nona respecting allocation of the proceeds. Our understanding, however, is that Basil Nona continues to operate the check cashing operation out of the Broadway Liquors premises, presumably under some form of agreement with the new owner.

    It goes without saying that Basil Nona owed fiduciary duties to EBJJ as its President and shareholder including duties of loyalty and of due care, duties which also extended to Joseph Pole as co-owner. In taking the check cashing operation and the $750,000 necessary to fund it Basil Nona breached fiduciary duties owed to EBJJ and to Joseph Pole to not compete with the corporation and converted a corporate asset. He is liable to EBJJ for return of the $750,000 plus interest on this liquidated sum from the date the funds were converted; for all profits from the check cashing operation that he has pocketed individually; for the return of these assets to the corporation; and for punitive damages for malfeasance that is *per se* willful and intentional.



Eugene M. Kadish
August 14, 2014
Page 2


Demand is hereby made that EBJJ forthwith commence legal action against Basil Nona seeking all available legal remedies for this conversion of corporate opportunities and resulting damages. Please be informed that if such legal action is not commenced on behalf of the corporation by September 1, 2014, Joseph Pole will institute a shareholder derivative action on behalf of EBJJ against Basil Nona in accordance with Rule 23.1, Arizona Rules of Civil Procedure.

Thank you for your consideration.

Sincerely,

Bryan F. Murphy
For the Firm

BFM/bs
cc: William D. Black



# EXHIBIT F

1
2
3

Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

4   Michael S. Catlett (#025238)
    Michael.Catlett@quarles.com
5   Julia J. Koestner (#031707)
    Julia.Koestner@quarles.com

6   *Attorneys for Defendant*

7

8            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9               IN AND FOR THE COUNTY OF MARICOPA

10

11  Joseph Pole,                         NO. CV2015-053398
                    Plaintiff,
12                                        **NOTICE OF REMOVAL**
          vs.
13                                        (Assigned to the Honorable John Hannah)
    Wells Fargo Bank, N.A.
14                  Defendant.

15         **PLEASE TAKE NOTICE** that on November 30, 2015, Defendant Wells Fargo

16  Bank, N.A. ("Wells Fargo") filed for removal of the above-captioned action from the

17  Arizona Superior Court, Maricopa County, to the United States District Court for the

18  District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, together with a copy

19  of the pleadings served upon it.  A copy of the Notice of Removal (without exhibits) is

20  attached hereto as **Exhibit "A."**

21         Therefore, Wells Fargo having taken all steps to effect removal of this case, this

22  Court may proceed no further unless or until the case is remanded by Order of the United

23  States District Court.  Wells Fargo further certifies that Plaintiff has been notified of this

24  removal and served with a copy of the Notice of Removal. *See* 28 U.S.C. § 1446(d).

25

26

RESPECTFULLY SUBMITTED this 30th day of November, 2015.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391


By /s/ Michael S. Catlett
     Michael S. Catlett
     Julia J. Koestner

*Attorneys for Defendant*


Original of the foregoing electronically
filed this 30th day of November, 2015, with
the Arizona Superior Court, Maricopa County,
and delivered to:

The Honorable John Hannah
Maricopa County Superior Court
101 West Jefferson - 514
Phoenix, Arizona  85003

Copy of the foregoing mailed this
30th day of November, 2015, to:

Joseph Pole
24205 N. 65th Avenue
Glendale, Arizona 85310

*/s/ Kelly Thwaites*